UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

POE VILI NIELSEN,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

CASE NO. 14-cv-05466 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. No. 3 Consent to Proceed Before a United States Magistrate Judge, Dkt. No. 4). This matter has been fully briefed (*see* Dkt. Nos. 11, 14, 15).

After considering and reviewing the record, the Court finds that the ALJ erred in adversely assessing plaintiff's credibility. In finding plaintiff to be not credible, the ALJ

pointed to an investigation of plaintiff regarding his alleged need to use a wheelchair or crutches to get around. However, that investigation occurred after the time period in which plaintiff was claiming he needed a wheelchair or crutches. The ALJ also pointed to plaintiff's IRS problems, which the ALJ categorized as tax fraud. However, these two reasons were not supported by substantial evidence in the record.

## BACKGROUND

Plaintiff, POE VILI NIELSEN, was born in 1967 and was 44 years old on the amended alleged date of disability onset of May 10, 2012 (*see* AR 12, 170-76, 177-83). Plaintiff has a high school education and completed a truck driving school (AR 33). Plaintiff has work experience driving a fork lift (AR 37). He then owned a bakery that catered to Samoan people until "he couldn't find the energy to do it anymore. That's why he stopped." (AR 34.)

According to the ALJ, plaintiff has at least the severe impairments of "ischemic heart disease; diabetes mellitus; osteoarthritis; and gout (20 CFR 404.1520(c) and 416.920(c))" (AR 15).

At the time of the hearing, plaintiff was living with his wife, and taking care of a niece and nephew.

## PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act, which were denied initially and following reconsideration (*see* AR 46-53, 54-64, 67-80, 81-94). Plaintiff's requested

hearing was held before Administrative Law Judge Gary Elliott ("the ALJ") on January 8, 2014 (*see* AR 26-43). On January 31, 2014, the ALJ issued a written decision in which the ALJ dismissed plaintiff's Title II claim (AR 13) and concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR 9-25).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the ALJ err in adversely assessing plaintiff's credibility; and (2) Were the ALJ's errors harmless (*see* Dkt. No. 11, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**1. Did the ALJ err in adversely assessing plaintiff's credibility?**

Plaintiff asserts that the ALJ erred in making an adverse credibility determination. In his decision, the ALJ noted that there were multiple aspects of the record that he believed reflected negatively on the credibility of the claimant, specifically noting that a Cooperative Disability Investigations Unit ("CDIU") report contradicted plaintiff's allegations that he could not walk and was confined to a wheelchair, and that plaintiff had two or more past businesses that were the subject of IRS fraud investigations (*see* AR 18).

The ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick*, *supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted). If an ALJ rejects the testimony of a claimant, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen*, *supra*, at 1284 (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Reddick*, *supra*, 157 F.3d at 722 (*citing Bunnell v. Sullivan*, *supra*, 947 F.2d at 343, 346-47). The Court notes that this "clear and convincing" standard recently was reaffirmed by the Ninth Circuit. *See Garrison v. Colvin*, 759 F.3d 995, 1015 n.18 (9th Cir. July 14, 2014) ("The government's suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected"). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

A. Plaintiff's Use of a Wheelchair and CDIU Report

First, the ALJ pointed to a CDIU report that he believed contradicted plaintiff's allegations that he could not walk and was confined to a wheelchair. The ALJ found that

this evidence reflected negatively on plaintiff's statements. Plaintiff pointed out at the administrative hearing and in his briefing that he could not walk and needed a wheelchair or crutches from June 4, 2012, the date of his initial function report, through November of 2012, and that there is evidence in the medical records to that effect (*see* Dkt. No. 11, pp. 3-4; AR 30-32). However, plaintiff points out that plaintiff did not claim that he needed crutches or a wheelchair after that date and there is no evidence in the medical record where he makes such a claim after November 2012.

The CDIU investigation took place from February to March of 2013 (*see* AR 185-193). The CDIU report included several observations by the investigator that during that period, although plaintiff had a tender walk/slight limp, he walked unassisted (*see* AR 186, 192). It also included statements by a witness who said that she had previously seen plaintiff use a walker, cane and wheelchair, but not recently (*see* AR 191). Since plaintiff is not claiming to have needed a wheelchair after November of 2012, there is no inconsistency with the CDIU investigation that took place in early 2013. The ALJ's reference to the CDIU report as evidence of misrepresentations is unsupported by substantial evidence.

B. IRS Fraud Investigations

The ALJ notes in his decision that "the record reflects that two or more of the claimant's past businesses were the subject of IRS fraud investigations, and were ultimately shut down due to tax disputes" (*see* AR 18). Although the ALJ did not cite to any exhibit for this evidence, defendant points out that plaintiff told the CDIU investigator during his interview that "the IRS shut him down," referring to a business he

had (*see* AR 192) and that he "still had some old business accounts the IRS seized, because of tax problems," at which time he had filed for bankruptcy (*see* AR 193). Neither reference is to an "IRS fraud investigation." However, defendant contends that these references imply "at the very least, Plaintiff's engagement in improper behavior by refusal to pay his tax obligation, which is a rational interpretation of the record and, therefore, proper basis for questioning the credibility of his allegations" (*see* Dkt. No. 14, p. 6). The ALJ may "draw inferences logically flowing from the evidence." *Sample*, *supra*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22. It is speculation on the part of the ALJ that the seizure of plaintiff's business accounts by the IRS is "fraud" or a "refusal" to pay a tax obligation. Because the ALJ did not offer supporting evidence for his conclusion that plaintiff was the subject of an "IRS fraud investigation," the ALJ's reference to plaintiff's IRS troubles as evidence of a "history of misrepresentations" that reflect negatively on the claimant's statements is unsupported by substantial evidence and, therefore, is in error.

**2. Were the ALJ's errors harmless?**

Defendant argues that any error in the ALJ's assessment of plaintiff's credibility is harmless. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted that "several of our cases have held that

an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Id.* (citations omitted). The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted).

The ALJ only identified two reasons for discounting plaintiff's credibility – the CDIU report and an "IRS fraud investigation." As discussed above, these two reasons were not supported by substantial evidence in the record. Had the ALJ given more weight to plaintiff's testimony regarding his subjective symptoms, the ALJ would have come to a different conclusion regarding plaintiff's RFC, since subjective symptoms must be included in the RFC assessment unless they are found to be not credible. Therefore, the error is not harmless.

**3. Defendant's discussion of other credibility factors.**

Defendant argues that there were other "clear and convincing credibility factors supporting [the ALJ's] adverse determination." (*see* Dkt. No. 14, p. 3). Defendant offers evidence in the record, but not noted by the ALJ, as reasons for discounting plaintiff's credibility (see Dkt. No. 14, pp. 3-5, 7, 10). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S.

194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196). Therefore, this Court will not evaluate reasons that were not proffered by the ALJ as justification for discounting plaintiff's credibility.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this Order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 5th day of December, 2014.

J. Richard Creatura
United States Magistrate Judge